Dear Ms. Rosenberg:
We are in receipt of your request for our review and opinion of the proposed charter amendment to the charter of the City of New Iberia, Parish of Iberia. The proposed amendment is to Section 53 of the charter, relative to eliminating the requirement that certain franchise agreements be approved by public vote. The proposed amendment reads:
 Sec. 53. Franchises — Donation; publication of intent.
 The mayor and the board of trustees shall have the right to give, grant, donate, sell, lease or convey franchises and grants for any and all purposes to any person or persons, partnerships, associations of persons, or corporations for a term not to exceed twenty-five years from date of the grant, at the expiration of thirty days publication of the proposed franchise; provided, that in case one-fifth in number and value of the property taxpayers of the corporation, who are qualified voters, shall sign a petition asking that the giving, granting, donating, selling or conveying of the franchise or grant be submitted to a vote of the taxpayers for the purpose of ascertaining whether it shall or shall not, be given, donated or sold to the person or persons, partnership, association of persons, or corporation seeking to obtain the same, before the expiration of thirty days publication as aforesaid, then it shall be the duty of the mayor and board of trustees to submit the same to a vote of the taxpayers, who are qualified voters, which shall require a majority vote both in number and in property value for the granting of the franchise within sixty days from the date the petition is submitted to the mayor and board of trustees, otherwise the franchise, or grant, shall be null and void.
The City of New Iberia has presented the following documentation to your office for our review:
 1. A certified copy of Ordinance No. 2000-584.
 2. An affidavit of publication of Ordinance No. 2000-584, published in the Daily Iberian, at New Iberia, Louisiana, on December 28, 2000, January 4, 2001 and January 11, 2001.
 3. A letter from Mayor Ruth Fontenot, stating that no protest was made against the proposed amendment within 30 days of the last publication, as provided in R.S. 33:1181.
As concluded in Attorney General Opinion Numbers 97-42 and 97-155, an amendment to the special legislative charter of the City of New Iberia is required to comply with the constitution and laws of the United States and the State of Louisiana, including the Lawrason Act, pursuant to R.S. 33:1181.
We have found at least one general state law which requires an election with regard to franchises and public utilities. R.S.33:4341 provides, in part:
 A. Any municipality, the city of New Orleans excepted, or any parish or any other political subdivision or taxing district authorized to issue bonds under Article VI, Section 37, of the Constitution of Louisiana, all of which are hereinafter in this Subpart referred to as `municipality' or `parish', may sell or lease any revenue-producing properties owned by it, including all proper franchises to operate the properties for a term not to exceed sixty years, provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose as herein directed. When a city, town, or village owns and operates a water, gas, or other revenue-producing public utility, serving customers outside the territorial limits of the city, town, or village, as is allowed by law, a negotiated sale of all of the connections and utility installations outside the area of the said city, town, or village and within the corporate limits of another city, town, or village may be made to the latter city, town, or village by negotiation and without any election, for such price as may be agreed upon between the parties. No election shall be required to authorize the sale or lease by any municipality or parish of revenue-producing water properties to any other municipality, parish or other political subdivision. (Emphasis added).
Because of this provision of general law, we are unable to opine that the proposed amendment to the special legislative charter to the City of New Iberia is in compliance therewith. We believe the proposed amendment could make exception for this provision of law, R.S. 33:4341, in order to be in compliance and approved under R.S. 33:1181. If we can be of further assistance herein, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;jv